**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OCT 2 3 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA          )
                                  )
        v.                        )    CR. NO.  2:06cr106-MEF
                                  )
LEEDRICT C. JONES                 )

## PLEA AGREEMENT

DEFENSE COUNSEL:          DONNIE WAYNE BETHEL

ASSISTANT U.S. ATTORNEY:   VERNE H. SPEIRS

## COUNTS AND STATUTES CHARGED:

Count 1     18 U.S.C § 111(a)(1)&(b)
            Whoever (while using a dangerous weapon) forcibly assaults, resists, opposes,
            impedes, intimidates, or interferes with any person designated in section 114 (federal
            employees) while engaged in his official duties shall be imprisoned not more than 20
            years

Count 2     18 U.S.C. § 924(c)(1)(A)(ii)
            Any person who in relation to any drug trafficking crime or crime of violence uses
            or carries a firearm, or who in furtherance of any such crime, possesses a firearm,
            shall, in addition to the punishment provided for such crime be sentenced for a term
            of imprisonment for not less than seven years and no more than life.

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 2     18 U.S.C. § 924(c)(1)(A)(ii)
            Any person who in relation to any drug trafficking crime or crime of violence uses
            or carries a firearm, or who in furtherance of any such crime, possesses a firearm,
            shall, in addition to the punishment provided for such crime be sentenced for a term
            of not less than seven years and no more than life.

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 2

18 U.S.C. § 924(c)(1)(A)(ii)
NMT $250,000 or twice gross loss
to victim or twice gross gain to
defendant, whichever is greatest;
NLT 7Y, NMT Life, or both;
NMT 3Y SUP REL;
$100 Assessment Fee;
VWPA

**ELEMENTS OF THE OFFENSE:**

Count 2      18 U.S.C. § 924(c)(1)(A)(ii):

1.      Defendant committed the federal crime of violence as charged in Count 1 of
the indictment;

2.      That during the commission of that offense the defendant knowingly
brandished a firearm;

3.      Defendant brandished the firearm in relation to, and possessed the firearm in
furtherance of, a federal crime of violence.

* * * * * * * * * * * * * * * * * * * * * *

Verne H. Speirs, Assistant United States Attorney, and Donnie Bethel attorney for the

defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as

Amended, have, with the authorization of the undersigned defendant, heretofore entered into

discussions with a view towards reaching a pretrial conclusion of the charges pending in the

Indictment herein and a Plea Agreement has been reached by said parties in the following respects:

2

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 2 of the Indictment, the attorney for the Government will do the following:

    a. At sentencing, after the defendant has been adjudicated guilty by the District Court of Count 2 of the Indictment, the United States will move to dismiss Count 1 of the Indictment.

    b. The United States agrees that a specific sentence of 84 months imprisonment is the appropriate disposition of the case. The parties agree that a term of 84 months is the statutory penalty, pursuant to 18 U.S.C § 924(c)(1)(A)(ii), for brandishing a firearm during and in relation to a federal crime of violence as alleged in Count 1 of the Indictment.

    c. The parties agree that although defendant takes responsibility for his criminal actions, any reduction in offense level pursuant to U.S.S.G § 3E1.1 (Acceptance of Responsibility) is inapplicable due to the mandatory minimum sentence of 84 months prescribed by 18 U.S.C § 924(c)(1)(A)(ii).

    d. The parties agree that this federal plea agreement is exclusive and seeks only to address defendant's commission of crimes punishable under federal law occurring on or about December 1, 2004. This plea agreement shall have no force and effect whatsoever over defendant's commission of any other offenses or violations punishable by the State of Alabama, or any other jurisdiction.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing Court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

Nothing in this section shall be construed as a waiver of appeal based on ineffective assistance of counsel.

4

## DEFENDANT'S PROVISIONS

3.      The defendant agrees to the following:

      a.  To plead guilty to Count 2 of the Indictment.

      b.  To forfeit any and all firearms in his possession to the United States.

      c.  Not commit any State, local or federal offenses.

      d.  Comply with all provisions of this plea agreement.

## FACTUAL BASIS

On or about December 1, 2004, in Montgomery County, within the Middle District of Alabama, LEEDRICT C. JONES defendant herein, did knowingly and intentionally, by means and use of a dangerous weapon, to-wit: a firearm, forcibly assault, resist, oppose, impede, intimidate, and interfere with Bobby Ward, a United States Postal Letter Carrier, while he was engaged in his official duties.

Furthermore, on or about December 1, 2004, in Montgomery County, within the Middle District of Alabama, LEEDRICT C. JONES, defendant herein, used and carried a firearm during and in relation to and possessed a firearm in furtherance of a crime of violence, a crime for which he may be prosecuted in a Court of the United States, to-wit: assaulting, resisting or impeding certain officers or employees of the United States, as charged in Count 1 of this indictment. Specifically, LEEDRICT C. JONES brandished a firearm while forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Bobby Ward, a United States Postal Letter Carrier.

5

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Count 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of

6

counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

7

h. The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea only if the Court rejects the plea agreement.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime(s) charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crime(s) charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the Court record, and in the presence of counsel.

j. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty

8

and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This 23rd day of October, 2006.

9

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

LOUIS V. FRANKLIN, Sr.
Chief, Criminal Division

VERNE H. SPEIRS
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE BETHEL.

LEEDRICT C. JONES
Defendant

10-23-06
Date

DONNIE BETHEL
Attorney for the Defendant

23 October 2006
Date

10